KOHLER COMPANY, Appellant, vs. INDUSTRIAL COMMISSION and others, Respondents.

*February 7—March 6, 1956.*

314

For the appellant there was a brief and oral argument by *Lyman C. Conger* and *Edward J. Hammer,* both of Kohler.

For the respondent Industrial Commission there was a brief by *Austin T. Thorson* and *Arnold J. Spencer,* both of Madison, and oral argument by *Mr. Thorson.*

For the individual respondents there was a brief by *Max Raskin* of Milwaukee, and *David Rabinovitz* of Sheboygan, and oral argument by *Mr. Raskin.*

BROADFOOT, J.   Upon these appeals, which were consolidated for hearing, the plaintiff makes two main contentions. The first is that the commission based its decisions on several errors of law rather than upon findings of fact. The second contention is that there is no credible evidence to support the commission's finding that the discharged employees were sick and that the record as a whole renders incredible the testimony of the employees that they were sick.

Apparently the same arguments were made to the trial court. In effect, the trial court held that this is a fact case; that the commission found that the employees were sick; that there was sufficient evidence to support that finding and that it cannot be held as a matter of law that there was misconduct on the part of the employees.

The appellant contends that the trial court oversimplified the issues. We agree with the trial court. The question to be determined by the commission was whether the men were sick at the time they left the factory or if they were feigning sickness as claimed by the employer. The question for determination upon these appeals is whether or not there is sufficient evidence in the record to sustain that finding of sickness.

At the time each of the employees left his work he complained of illness. Each reported to the medical department and told a doctor there that he was sick. Each was given a medical examination. The average time spent by the doctors in an examination was five or six minutes. In each case the blood pressure, temperature, and pulse rate were recorded. Medication was prescribed for eight of the eleven individual defendants. Two of the eleven were under the care of private physicians at the time, and so informed the doctors. The two company doctors who made the examinations were witnesses at the hearing. They did not testify that the employees were not ill, nor did any other witness testify that the employees were not ill when they left their work.

The question of the quantum of evidence to support a finding of fact by the Industrial Commission is thoroughly discussed in *Hills Dry Goods Co. v. Industrial Comm.* 217 Wis. 76, 258 N. W. 336. Following the discussion of the quantum of proof required, the court made this statement (p. 85):

"We may point out in this connection that application of the test suggested excludes the consideration of all questions

relating to the weight of the evidence. When the test is applied and it is found that there are facts in evidence which if unanswered would warrant the commission in making the finding complained of, this court can go no further. The weight of the evidence and credibility of the witnesses under such circumstances are wholly for the commission."

The necessary quantum of proof to support the finding by the commission that the employees were sick was introduced by the claimants. The employer calls attention to 13 different circumstances that render the employees' claims, that they were too sick to continue to work, incredible. There are in the record many queer and suspicious circumstances. However, they all go to the credibility of the witnesses. We cannot weigh the evidence or judge the credibility of the witnesses. Those matters are for the commission.

We can assume, without deciding, that some of the conclusions of law complained of by the plaintiff were erroneous. However, that would not change the result. If the employees were sick when they left work, as the commission found, then their leaving did not constitute misconduct and the commission's determination on that issue must be affirmed.

*By the Court.*—Judgments affirmed.